THEODORA ORINGHER
COUNSELORS AT LAW

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOUTHERN CALIFORNIA REGIONAL RAIL AUTHORITY, a joint powers authority,<br><br>Plaintiff,<br><br>v.<br><br>HYUNDAI ROTEM COMPANY, a South Korean corporation; RAUL V. BRAVO + ASSOCIATES, INC., a Virginia corporation; and DOES 1 through 10,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 16-cv-08042-JAK (JEMx)<br><br>Hon. John A. Kronstadt<br><br>**[PROPOSED] ORDER PURSUANT TO FED. R. EVID. 502(d)**<br><br>**DISCOVERY MATTER**<br><br>[Fed R. Evid. 502(d)]<br><br>Hon. John E. McDermott<br>United States Magistrate Judge<br><br>Action Filed: Sept. 30, 2016<br>Trial Date: none set |

The Court has reviewed the Stipulation and [Proposed] Order Pursuant to Fed. R. Evid. 502(d) ("Stipulation") submitted jointly by Plaintiff and Counter-Defendant Southern California Regional Rail Authority ("Metrolink"), Defendant and Counter-Claimant Hyundai Rotem Company ("Hyundai") and Defendant Raul V. Bravo + Associates, Inc. ("Raul Bravo") (individually, each a "Party" and collectively, the "Parties")) and, for good cause, the Court approves the Stipulation and enters the following Order:

1. Pursuant to Fed. R. Evid. 502(d), a Party's inadvertent disclosure or production of any documents or information in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver by that Party of any privilege or protection applicable to those documents, including the attorney-client privilege, work product protection and any other privilege or protection recognized by law. The provisions of Fed. R. Evid. 502(b) are inapplicable to the production of documents or information under this Stipulation and [Proposed] Order. Specifically there shall be no waiver if a Party discloses privileged or protected information inadvertently or otherwise, regardless of whether the Party took reasonable steps to prevent the disclosure or to rectify the error.

2. Any Party receiving any such inadvertently produced documents or information shall, within five (5) calendar days of receipt of a written request (a) identifying the document(s) or information that was inadvertently produced, and (b) specifying the basis for the right to withhold such document(s) or information with the requisite specificity justifying the asserted basis for privilege or protection, return them to the producing Party or provide written notice to the producing Party that they have been destroyed. Further, the receiving Party shall delete any version of the documents or information it maintains and make no use of the information contained therein, regardless of whether the receiving Party agrees with the claim of privilege and/or work product protection.
1093053.1/81067.05006

2

*[PROPOSED] ORDER PURSUANT TO FED. R. EVID. 502(d)*

3. Nothing in this Stipulation and [Proposed] Order shall prevent a receiving Party from challenging the privilege or protection asserted by the producing Party by making an appropriate application to the Court. Pursuant to Fed. R. Civ. P. 26, the producing Party bears the burden of establishing the privilege or protection of all such challenged documents.

4. Disclosure of information or documents by the receiving Party before the producing Party designates the information as protected shall not be deemed a violation of this Stipulation and [Proposed] Order.

**IT IS SO ORDERED:**

DATED: October 25, 2017

/s/ John E. McDermott
Hon. John E. McDermott
United States Magistrate Judge